UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LESTER ALTMAN PRODUCE CO., INC.,

                              Plaintiff,

      v.

RONALD J. SANTORA, Individually and
    in his corporate capacity, and

FRUIT FRESH UP, INC.,

                              Defendants.

**REPORT AND RECOMMENDATION**

13-CV-213A

---

## I.    INTRODUCTION

On February 27, 2013, plaintiff Lester Altman Produce Company, Incorporated ("Altman") filed a motion for an *ex parte* temporary restraining order ("TRO") and preliminary injunction (Dkt. No. 3); and a separate motion to expedite the hearing for the TRO and the preliminary injunction (Dkt. No. 5). These motions accompanied a complaint alleging that defendants have violated the provisions of the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. §§ 499a–499s.

Altman has presented the following information in support of the issuance of an *ex parte* TRO. Altman is a commercial producer and seller of farm produce. Between July 27, 2011 and September 30, 2011, Altman sent defendants 16

shipments of seedless watermelons and corresponding invoices that totaled $43,492.50. (*See* Dkt. No. 4-1 at 5–22.) Each of these invoices featured the following language that placed the produce and related sale proceeds into statutory trust under the PACA: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received." 7 U.S.C. § 499e(c)(4). Despite repeated communications with defendants about payment of invoices, defendants allegedly refused to make any payment. According to the declaration of Michael Altman, Altman's Chief Executive Officer (Dkt. No. 4-1 at 2–3), defendants promised multiple times to pay the invoices and never followed through on their promises. Additionally, although Mr. Altman does not provide details, his declaration suggests that communications with defendants indicate that defendants have continued operations, raising the possibility of a dissipation of trust funds as defined in the relevant regulations. See 7 C.F.R. § 46.46(a)(2) ("'Dissipation' means any act or failure to act which could result in the diversion of trust assets or which could prejudice or impair the ability of unpaid suppliers, sellers, or agents to recover money owed in connection with produce transactions."). Altman asserts that dissipation of the proceeds in

2

question would cause substantial harm to their business because dissipation would hamper its ability to pay its own suppliers.

Due to the potentially time-sensitive nature of the allegations and the need to preserve the status quo while gathering more information, motions for immediate injunctive relief under the PACA typically are resolved by the District Judges of this District. *See, e.g., Weis-Buy Farms, Inc. v. Lenny Perry's Produce, Inc.*, No. 08-CV-780, Dkt. No. 10 (W.D.N.Y. Oct. 24, 2008) (Arcara, *C.J.*) (granting TRO pending further proceedings); *Growers Exch. Co. Inc. v. TNC Packing Corp.*, No. 06-CV-6086, Dkt. No. 4 (W.D.N.Y. Feb. 14, 2006) (Larimer, *J.*) (same); *Pacific Shores Produce, LLC v. Rochester Food Provisions*, No. 05-CV-6448, Dkt. No. 4 (W.D.N.Y. Aug. 31, 2005) (Telesca, *J.*) (same). In contrast, this case was referred to this Court under 28 U.S.C. § 636(b).

After reviewing all of the papers filed in the docket up to this point, and for the reasons below, this Court respectfully recommends granting the pending motions in part to issue an immediate TRO to preserve the status quo; and then deferring on the rest of the relief sought pending further proceedings.

## II. DISCUSSION

"The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in

opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. Proc. 65(b). "It is well established that the standard for an entry of a temporary restraining order is the same as for a preliminary injunction." *AFA Dispensing Group B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).[1] "These elements must be established by a preponderance of the evidence." *Procter & Gamble Co. v. Ultreo, Inc.*, 574 F. Supp. 2d 339, 344 (S.D.N.Y. 2008) (citations omitted).

Here, Altman has made enough of a showing of an unstable financial situation with defendants to preserve the status quo temporarily while the Court conducts further proceedings. Altman has produced 16 invoices that show the

---

[1] In *Winter*, the Supreme Court did not address whether it intended to eliminate an alternative to the "likelihood" requirement that had been permitted by the Second Circuit. In the Second Circuit, plaintiffs prior to *Winter* could demonstrate either a likelihood of success on the merits or "sufficiently serious questions going to the merits to make them a fair ground for litigation." *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (citations omitted). At least for now, the Second Circuit has "found no command from the Supreme Court that would foreclose the application of our established 'serious questions' standard as a means of assessing a movant's likelihood of success on the merits." *Id.* at 38.

amount that defendants owe and has noted numerous unsuccessful attempts to obtain payment. Subject to any challenges to the authenticity of the documents during further proceedings, Altman's documentation shows that it is likely to succeed in establishing a failure to pay trust proceeds under the PACA. *Cf. Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 140–41 (3d Cir. 2000) ("Appellants have a high probability of success on the merits in a suit to enforce payment, for they have sufficiently demonstrated their entitlement to payment and their status as trust beneficiaries with perfected rights . . . . Appellants suffered irreparable injury when the trust was depleted and payment was not readily forthcoming or available.") (citations omitted). Given that over a year now has passed without payment on the invoices and that defendants appear to continue business operations, the Court finds substantially serious questions at a minimum, but more importantly a likelihood, that defendants intend never to repay Altman. *Cf. A. Ferlito Farms, Inc. v. Empire Fresh Cuts, LLC*, No. 5:10–CV–1044 (GTS/ATB), 2010 WL 3909521, at *4 (N.D.N.Y. Sept. 30, 2010) ("PACA trust dissipation satisfies the irreparable harm requirement where, as in this case, absent such relief ultimate recovery is unlikely.") (citation omitted); *Basciani Foods, Inc. v. Mid Island Wholesale Fruit & Produce, Inc.*, No. 09–CV–4585(JS)(WDW), 2009 WL 3756603, at *1 (E.D.N.Y. Nov. 3, 2009) ("A PACA trust exists for the benefit of all of the debtor's unpaid produce suppliers, 7 U.S.C. § 499e(c)(2), and Plaintiffs have demonstrated a strong likelihood of

5

success on the merits. In addition, Defendants' failure to pay the invoices as they came due and the information provided to Michael Basciani provides a strong indication that the Plaintiffs will be irreparably harmed in the form of dissipation of trust assets."). In contrast, there is a likelihood that defendants will begin or continue to dissipate Altman's proceeds at any time; there is also a likelihood given the history of non-payment and the refusal to establish a payment schedule that defendants will aggravate the situation upon learning that this litigation has commenced. *Cf. Bonell Produce Co. Inc. v. Chloe Foods, Inc.*, No. 08–CV–4218 (FB)(CLP), 2008 WL 4951942, at *4 (E.D.N.Y. Nov. 19, 2008) ("Since even payment for everyday business expenditures constitutes dissipation, it is clear that there is a risk that Chloe will dissipate the trust, which would leave Dublin out of luck and out of money.") (internal quotation marks and citations omitted). Preventing dissipation of funds in violation of the PACA serve the public interest and will impose no harm on defendants.

Accordingly, the Court respectfully recommends to Judge Arcara that defendants be enjoined temporarily from starting or continuing any dissipation of the proceeds in question. The TRO that Altman has proposed (Dkt. No. 3-2) is sufficiently similar to TROs granted in this District in prior cases that its language would suffice to satisfy the concerns raised in this Report and Recommendation.

### III. CONCLUSION

For all of the foregoing reasons, this Court respectfully recommends granting the pending motions for expedited injunctive relief (Dkt. Nos. 3, 5) in part to issue an immediate TRO prohibiting dissipation of the PACA trust funds in question. This Court will schedule further proceedings for the rest of the relief requested once defendants have entered appearances.

### IV. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), plaintiff will receive a copy of this Report and Recommendation via electronic filing. Plaintiff is directed to work with Judge Arcara's chambers regarding the application of that statute and Federal Rule of Civil Procedure 72 in the context of *ex parte* requests for injunctive relief.

SO ORDERED.

/s Hugh B. Scott
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: March 1, 2013