UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LESTER ALTMAN PRODUCE COMPANY
INCORPORATED,

                            Plaintiff,

        v.                          DECISION AND ORDER
                                            13-CV–213

FRUIT FRESH UP,
INCORPORATED, *et al.*

                            Defendants.

---

## **INTRODUCTION**

On February 26, 2013, plaintiff Lester Altman Produce Company, Inc. ("Lester Altman" or "Plaintiff") filed a complaint seeking relief from defendants Fruit Fresh Up, Incorporated ("Fruit Fresh") and Ronald Santora ("Santora") (collectively referred to as "Defendants") under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499 *et seq*. On February 27, 2013, Plaintiff filed a request, before this Court, for an *ex parte* temporary restraining order and then a preliminary injunction requiring Fruit Fresh and Santora to preserve and maintain trust assets under PACA, and to prevent any further dissipation of trust assets. The

case was then referred to Magistrate Judge Hugh B. Scott under 28 U.S.C. §636(b).

On March 1, 2013, Magistrate Judge Scott recommended "granting the pending motions in part to issue an immediate [*ex parte*] TRO to preserve the status quo, and then deferring on the rest of the relief sought pending further proceedings." On March 4, 2013, Plaintiff, noting that no objections to Magistrate Judge Scott's Report and Recommendation had been made, filed a Motion for Reduction of Objection Period and for Immediate Entry of an Order Consistent with the Magistrate Judge's Report and Recommendation.

Pursuant to 28 U.S.C. §636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. A district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. §636(b)(1). "To accept the report and recommendation of a magistrate, to which no objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Torres v. New York*, 976 F. Supp. 249 (SDNY 1997).

As explained below, this Court finds that although there is an insufficient basis to deny Plaintiff's request for a temporary restraining order and preliminary injunction at this stage of the proceeding, it was clear error for the Magistrate Judge to grant a temporary restraining order on an *ex parte* basis, since Plaintiff has not set forth specific facts showing that immediate and irreparable injury, loss, or damage will result to Plaintiff before Defendants can be heard in opposition.

## **DISCUSSION**

Under PACA, a trust is created in favor of suppliers to commission merchants, dealers and brokers of perishable agricultural commodities in the produce supplied and all proceeds derived from the sale of those commodities. *See* 7 U.S.C. §499e(c)(2); *In re Kornblum & Co.*, 81 F.3d 280, 285-86 (2d. Cir. 1996). This trust is in effect a "legal fiction" and "consists of that portion of the debtor's assets which may be traced to the disposition of perishable agricultural commodities." *Driscoll Potatoes, Inc. v. N.A. Produce Co., Inc.*, 765 F. Supp 174, 178 (D.N.J. 1991). Upon a showing of actual or threatened dissipation, a debtor may be required to escrow assets and each beneficiary would be entitled to a pro rata share of

trust proceeds. *Frio Inc, S.A. v. Sunfruit, Inc*., 918 F.2d 154, 159 (11th Cir. 1990).

Section 499e(c)(5) of PACA authorizes United States district courts to issue the injunctive relief sought by Plaintiff herein, and to order Defendants to create segregated trust accounts to ensure payments to trust beneficiaries. *Frio Ice*, 918 F.2d at 157-58. Trust beneficiaries, like Plaintiff, seeking injunctive relief under PACA must still satisfy the usual requirements for an injunction including: (1) a likelihood of success on the merits; (2) the probability of irreparable harm if relief is not granted; (3) that the balance of equities is in their favor; and (4) that the relief is consistent with the public interest. *JSG Trading Corp. v. Tray-Wrap, Inc*., 917 F.2d 75, 79 (2d Cir. 1990).

Most importantly here, Plaintiff is seeking the relief *ex parte*. An *ex parte* restraining order is extraordinary and may only issue when it clearly appears "from **specific facts** shown by affidavit or by verified complaint that immediate loss and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." *See* Federal Rule of Civil Procedure 65(b) (emphasis added). Magistrate Judge Scott determined that Plaintiff satisfied the irreparable

harm requirement by raising the potential dissipation of trust assets. Magistrate Judge Scott reasoned that "[a]lthough [Lester Altman] does not provide details, his declaration suggests that communications with defendants indicate that defendants have continued operations, raising the possibility of a dissipation of trust funds." (Dkt. No. 11).

The Report and Recommendation acknowledges that Plaintiff "does not provide details" regarding the dissipation of trust assets. However, Rule 65(b) requires "specific facts" before an *ex parte* temporary restraining order can be granted. Thus, the Court finds that it was error to grant the temporary restraining order on an *ex parte* basis.[1]

---

[1] In the cases relied on in the Report and Recommendation, the relief involved was not granted on an *ex parte* basis. *See Bonell Produce Co. Inc. v. Chloe Foods, Inc.,* 2008 U.S. Dist. LEXIS 94476 (EDNY 2008) (granting plaintiff's request for a preliminary injunction after a hearing involving both parties, with footnote stating that the relief was initially denied on *ex parte* basis); *A. Ferlito Farms v. Empire Fresh Cuts, LLC,* 201 U.S. Dist. LEXIS 104648 (NDNY 2010) (*ex parte* request for relief denied where, upon plaintiff's filing of an *ex parte* motion for temporary restraining order, the court immediately required that defendants be served and order to show cause issued the next day as to why the temporary restraining order and injunction should not granted); *Bascani Foods Inc. v. Andrew & Williamson Sales, Inc.*, 2009 U.S. Dist. LEXIS 102284 (EDNY 2009)(order to show cause issued and defendants properly served before the preliminary injunctive relief was granted). The Court also notes that contrary to the statement in the Report and Recommendation that motions for injunctive relief under PACA are "typically" resolved by the District Court, this matter was properly referred to the Magistrate Judge pursuant to this Court's statutory authority under Section 636(b) of Title 28 of the United States Code. *See* 28 U.S.C. §636(b) (stating that a District Court judge may designate a magistrate judge to submit proposed findings of fact and recommendations of law on any motion for injunctive relief).

Specifically, in support of Plaintiff's motion for an *ex parte* temporary restraining order, Michael J. Altman, Chief Executive Officer of Lester Altman Produce Co., Inc., submitted a two-page affidavit stating, in very conclusory terms, the facts and circumstances supporting Plaintiff's claim for relief. With respect to a demonstration of irreparable harm, Mr. Altman states only: "[t]hrough their continuing operations, All Defendants have dissipated and will continue to dissipate PACA trust assets to which Lester Altman is a perfected beneficiary...[d]espite our multiple demands, All Defendants have refused to remit payment in full, and the proceeds All Defendants received from reselling our Produce have not been held in trust, but rather have been used to fund All Defendants' continuing operations."

Plaintiff offers no specific facts or proof of any kind which would show that Defendants are actually dissipating trust assets, or that the assets are in real danger of dissipation, other than the fact that Plaintiff has not been paid by Defendants. This is simply insufficient to warrant the extraordinary relief of an *ex parte* temporary restraining order. *See Zas International Agriculture, B.V. v. Zas, USA, Inc.*, 1998 U.S. Dist. LEXIS 12330 (ED Penn. 1998) (denying an *ex parte* temporary restraining order under PACA

because "the mere failure to timely pay plaintiff does not demonstrate a dissipation or misuse of trust assets").

Upon the submission of additional information, Plaintiff may be able to demonstrate that it is entitled to a temporary restraining order and preliminary injunction. However, absent an actual, specific showing that trust assets are being dissipated or threatened with dissipation, this Court will not enter an order which could potentially endanger both Defendants' business and the existing trust assets, without any notice to Defendants or an opportunity to be heard.

## **CONCLUSION**

For the foregoing reasons, this Court declines to adopt Magistrate Judge Scott's Report and Recommendation. Instead, Plaintiff's motion for a temporary restraining order and preliminary injunction is denied insofar as it is requested on an *ex parte* basis. Plaintiff may proceed with its order to show cause for a temporary restraining order and preliminary injunction after Defendants have been provided notice and an opportunity to be heard.

Plaintiff is instructed to serve Defendants with all docketed entries in the instant case, including this Decision and Order, on or before March 12,

2013. Defendants shall file a response to Plaintiff's request for a temporary restraining order and preliminary injunction on or before March 19, 2013 and Plaintiff may file a reply, or a notice of no reply, by March 26, 2013. A date for hearing will then be set by this Court.

    SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: March 8, 2013